IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| AWASH ADHANOM DEMOZ | ) |
| | ) |
| v. | ) Case No. 3:24-cv-00722 |
| | ) |
| WESTERN EXPRESS, INC. | ) |

**To: The Honorable William L. Campbell, Jr., Chief United States District Judge**

# REPORT AND RECOMMENDATION

For the reasons discussed below, the undersigned respectfully **RECOMMENDS** this case be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 4(m) and 16(f).[1]

## BACKGROUND

This case was filed on June 12, 2024. (Docket No. 1.) Under Rule 4(m), Defendant should have been served with process by no later than September 10, 2024. There is nothing in the record to suggest that Defendant was timely served with process. Specifically, Plaintiff failed to file a return of service. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.")

An initial case management conference was set for September 16, 2024. (Docket No. 5.) The Court initiated the conference call and left the line open for more than thirty (30) minutes. Plaintiff's counsel did not appear. Nor did Plaintiff's counsel file a motion to continue the initial case management conference, contrary to the express directions of the notice setting the initial case management conference (*id*. at 1), or seek other relief from the Court.

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

## LEGAL STANDARDS AND ANALYSIS

Rule 4(m) mandates that if a defendant is not served with process within 90 days of the filing of the complaint, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). This case has now been pending for more than 90 days without demonstration of service of process on Defendant. This report and recommendation constitutes the requisite notice to Plaintiff of the prospect of dismissal under Rule 4(m). Unless Plaintiff provides some good cause for not having timely served Defendant, the plain language of Rule 4(m) requires that the case be dismissed without prejudice.[2]

Rule 16(f) provides that "[o]n motion, or on its own, the court may issue any just order including those authorized by Rule 37(b)(2)(A)(ii)-(vii)," if a party or its attorney, among other things, "fails to appear at a scheduling or other pretrial conference." Fed. R. Civ. P. 16(f)(1)(A). Dismissal of the action is one of the sanctions authorized by Rule 37(b)(2)(A) and incorporated by reference in Rule 16(f). *See* Fed. R. Civ. P. 37(b)(2)(A)(v).[3]

Plaintiff's counsel failed to appear for the initial case management conference on September 16, 2024. Plaintiff did not seek a continuance of the initial case management conference. Nor did Plaintiff's counsel request to be excused from the initial case management conference.[4] Dismissal under Rule 16(f)(1)(A) is therefore warranted.

---

[2] Further, it is the responsibility of Plaintiff and his counsel to manage this case without reminders or prompts by the Court. Their failure to do so has resulted in an unnecessary expenditure of already limited judicial resources, which unfairly diverts the Court's attention from other matters in other cases in which the parties are properly attending to case management.

[3] Because dismissal without prejudice is the limited relief authorized by Rule 4(m), this recommendation is for dismissal without prejudice. However, neither Rule 16(f) nor Rule 37(b)(2)(A) expressly limit dismissal as without prejudice.

[4] See n.2.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 16(f).

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to objections must be filed within fourteen (14) days of service of the objections. Fed. R. Civ. P. 72(b) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge